# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PAM ACKERMAN | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-714 |
| | § | (Judge Mazzant/Judge Bush) |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On August 11, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge be **AFFIRMED**. On August 25, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #18).

The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

Plaintiff objects to what she characterizes as the Magistrate Judge's implicit finding that she waived her claim of disability originating from Gitelman Syndrome. According to Plaintiff, although

1

the ALJ determined that her symptoms could not be explained by her mental impairment, the record shows that another medically determinable impairment could have produced the alleged limitations.

The Court first notes that the Magistrate Judge did not find that Plaintiff waived any disability originating from Gitelman Syndrome. Instead, the Magistrate Judge found that the ALJ took into consideration records relating to the syndrome and did a thorough job in his assessment of her medical records and complaints in finding that Plaintiff was nonetheless not disabled. This Court will not construe the findings as making an implicit finding of waiver.

Further, the Court finds that there is substantial evidence in the record, including a consideration of Plaintiff's Gitelman Syndrome, its associated symptoms, and the medications taken by Plaintiff, to support the ALJ's finding that she was not disabled. *Garcia v. Astrue*, 293 F. App'x 243, 245 (5th Cir. 2008). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (internal citations omitted).

As this Court has noted, "[t]he mere diagnosis of an impairment or the mention of a condition in the medical records does not establish a disabling impairment or even a significant impact on that person's functional capacity." *Williams v. Comm'r*, 2013 WL 1282460, at *9 (E.D. Tex. 2013) (citing *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983)). In this case, the ALJ stated that he considered all of the record evidence, and he specifically referenced exhibits referencing the presence of Gitelman Syndrome (Tr. 11-12, 20, 393-94, 407, 410, 415-16, 761, 767-69, 771-73, 911). There

is relevant evidence in the record regarding Plaintiff's condition and its control with medication that is adequate to support a conclusion that Plaintiff was not disabled, and the Court cannot reweigh the evidence or substitute its judgment for the Commissioner's. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

Finding that Plaintiff's objections are without merit, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. Substantial evidence supports the ALJ's findings that Plaintiff's Gitelman Syndrome was not severe for purposes of the his disability analysis.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**It is SO ORDERED.**

**SIGNED this 30th day of August, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE